UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER EUGENE WALKER, | No. 2:22-cv-01340-WBS-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN HOSPITAL, et al., | |
| Defendants. | |

Plaintiff Elmer Eugene Walker is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Walker v. Pitre*, No. 2:00-cv-

1

4293-IFP(TJH) (C.D. Cal.) (case dismissed on May 9, 2000 as barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994))[1]; (2) *Walker. Dep't of Corrections*, No. 3:05-cv-3057-SI (N.D. Cal.) (case dismissed on December 19, 2005 as frivolous); and (3) *Walker v. Campbell*, 2:06-cv-0915-FCD-KJM (E.D. Cal.) (case dismissed on May 12, 2008 after plaintiff failed to amend pursuant to court's December 20, 2006 order, which dismissed complaint with leave to amend for failure to state a claim upon which relief could be granted).[2]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Plaintiff's complaint makes no such showing.  *See* ECF No. 1 at 3 (July 2022 complaint alleging that malpractice caused him bed sores, which had healed as of March 11, 2022); *see also* ECF No. 6 (amended complaint).  Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

/////

/////

/////

---

[1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[2] A prisoner may not avoid incurring a strike simply by declining to take advantage of an opportunity to amend.  *Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

      2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2022.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE